Price, J.
It was incumbent upon the plaintiff on the trial of his action for malicious prosecution to-establish by a preponderance of the evidence, among other things, that the prosecution for which he was asking damages, had legally terminated prior to the commencement of such action, and if he failed to make out the averment of his petition to that effect,, he had no right to recover.
The question was fairly raised at the close of the plaintiff’s evidence, by the motion of the defendant. Gaiser, asking the trial court to direct a verdict in his favor on the ground that plaintiff had failed in his evidence, to establish, that the prosecution complained of had legally ended. The court overruled the motion and defendant excepted.
One of the grounds assigned in the motion for new trial, is that the court erred “in overruling the motion of defendant to instruct the jury to return a verdict for the defendant at the close of the plaintiff’s testimony.” The motion for new trial containing this assignment was overruled. This ruling was complained of by Gaiser, in his petition in error filed in the circuit court. The same question is presented in the petition in error filed in this court wherein it is alleged that the circuit court erred in affirming the judgment of the court of common pleas, and in not reversing the same.
Therefore our first duty is to determine the vital question, whether the plaintiff, in the trial court established by a preponderance of the evidence, the *276 fact, that the criminal prosecution complained of had terminated or ended, when he commenced his action for damages on account of the same. To. decide this point, we are required to examine some of the facts disclosed by the record.. As shown by the petition, the substance of which appears in our statement of this case, the plaintiff in error, Gaiser, on or about the twenty-first day of January, 1901, filed his affidavit against defendant in error, Frank Hurleman, and two others, charging therein, that on the second day of January, 1901, in Montgomery county, Ohio, they did unlawfully, knowingly and maliciously and verbally demand of him, said Jacob Gaiser, the sum of $4,000, with menaces to do injury to his person, by assaulting, striking and beating him with a club and rope, etc., with intent thereby then and there, by means of such menaces, to unlawfully, maliciously and feloniously extort from him said sum of money. The affidavit charged the accused persons with a violation of section 6830, Revised Statutes — a law penalizing such acts to extort money as blackmailing and making the same a felony.
On hearing of the case, the examining magistrate held the accused, including Hurleman, to answer to the court of common pleas and recognizance was asked and given for their appearance before that court.
The petition further alleges, that on the thirty-first day of January, 1901, Gaiser appeared before the grand jury, and there wilfully, maliciously, and without probable cause, testified in said cause and furnished to the grand jury certain false information against the plaintiff, and thereby procured the indictment of the plaintiff on said charge, but that *277 on the second day of' March, 1901, said indictment was quashed and dismissed and plaintiff discharged. The foregoing is the prosecution which the petition avers was thus wholly ended and determined. The printed record shows that the petition correctly details the contents of the affidavit upon which plaintiff and the others, were arrested and bound over to the court of common pleas, and that the indictment found by the grand jury charged them with the same offense. But the record does not stop here. It appears that the same grand jury at the same time, and we think on the same testimony, found and returned another indictment, styled in the record as an indictment for assault with intent to rob. We do not find a copy of this indictment in the record, but we think it is entirely clear that it was found on the same testimony that supported the indictment for blackmailing which was quashed, and that it covered the precise criminal transaction set out in that indictment. It appears that there was but one encounter between the parties, and that was on the second of January, 1901, and that after the grand jury heard Gaiser and the other evidence which he furnished, and perhaps on advice of the prosecuting attorney, the two indictments were found upon the same testimony. It is not claimed that Gaiser was twice heard before the grand jury, or that there were two separate examinations, which resulted in the' two indictments. The petition does not allege'that plaintiff was arrested on the indictment for assáult with intent to rob, and the record shows his bond was fixed at $200 and that he remained at large on such bond until the indictment was dismissed on the twenty-fifth day of November, 1902.
*278 Such, being the facts as we glean, them from the record, what is the character of the second indictment as compared with the other.
The crime of committing an assault with intent to rob is defined by section 6821, Revised Statutes: —“Whoever assaults another with intent to kill or commit robbery * * * shall be imprisoned in the penitentiary not more than fifteen years nor less than one year.” There is one element common to both indictments, namely, an unlawful attempt to obtain the property of another. In one it was charged, that with menaces and threats to do bodily injury to Gaiser, the accused parties demanded of him the sum of $4,000. In the other it was charged in substance, that the same parties on the same day and at the same place, attempted to gain the same •property through robbery. Both sections of the .statutes whose violation was alleged in the respective indictments, are found in the same title and chapter, under the title of “Crimes against the person.”
The two indictments had a common root. Gaiser, ■on appearance before the grand jury, furnished the facts from which both indictments sprang. The •dual form of the charge was at the instance, no •doubt, of the counsel for the state. Again, had the indictment for assault with intent to rob been prosecuted to the conviction of Hurleman, he would have been convicted for the transaction of January 2, 1901, for the occurrences of that day would have been marshaled to secure such conviction.
The action in the trial court for malicious prosecution which we are reviewing, was commenced on the fourteenth of August, 1901, and the indictment for assaulting Gaiser with intent to rob, was pend *279 'ing until November 25, 1902, and of course the prosecution on that indictment was not legally terminated when the action was commenced. That the criminal prosecution had ended prior to the beginning of the civil suit for damages on account of the same, is' of vital importance. As said by Bigelow in his work on Torts, marginal page 183, “if the suit for the alleged malicious prosecution should be permitted before the prosecution itself is terminated, inconsistent judgments might be rendered, — a judgment in favor of the plaintiff in the action for the prosecution, and a judgment against him in that prosecution; and it is often said that judgment against the party prosecuted, would show, and that conclusively, that there was probable cause for the prosecution.” This statement is qualified in the next section, where the author says, — “but since conviction would show that the charge was not false, the prosecution could not have been wrongful.” The termination of the prosecution need not be by a verdict of acquittal, but may be by an authorized nolle prosequi, or other form of legal discharge.
In Newell on Malicious Prosecution, 358, the author says: “It is a well settled rule of law that when a party is arrested and bound over on a criminal charge, he must show, in order to prove a discharge and a termination of the prosecution, that no bill was found against him by the grand jury. The complaint in such case, being only a preliminary step, is regarded as part of the proceedings which are subsequently .continued in the court to which the party is bound to answer to that which may be found against him by the grand jury. But it does not follow that the prosecution originally *280 commenced by complaint before a magistrate is terminated because the accused party is not charged by indictment with precisely the same offense as that set out in the complaint. If on the same evidence, the grand jury present an indictment for a different offense from that charged before the magistrate, it does not destroy the identity of the prosecution, but only shows that different minds arrive at different conclusions from proof of the same facts. The prosecution commenced against the party still continues, and cannot be said to be at an end, until the indictment found by the grand jury is finally disposed of.”
This authority is precisely in point in the case at bar, and if sound, controls its decision. Is it sound?
In Schippel v. Norton, 16 Pac. Rep. (Kan.), 804, it appears, that on the twenty-seventh of December, 1879, Norton, Wagstaff, and another, through a mistake of boundary lines, went upon the land of Schippel, and cut down and carried away one or more trees standing and growing thereon. Immediately thereafter Schippel consulted the county attorney, and stated to him the facts, and the attorney advised the commencement of a criminal prosecution against Norton and the others. Such prosecution was commenced before a justice of the peace of the county, on December 31, 1879, the county attorney having charge of the same. On January 6,1880, the county attorney dismissed this prosecution, and on the same day commenced a new prosecution against the same parties in the district court for the same offense. Afterwards, and before the latter prosecution was ended, Norton brought suit against Schippel for malicious prosecution. The supreme court held that, “Where a criminal prosecution is commenced *281 before a justice of the peace, and is afterwards dismissed, with the intention of commencing it again in the district court, and on the same day it is commenced in the district court, the criminal prosecution before the justice of the peace cannot constitute the basis of an action for a malicious prosecution while the criminal prosecution is still pending in the district court.”
In Bacon v. Towne et al., 58 Mass. (4 Cush.), 217, it is held that: “If, in an action for a malicious prosecution in instituting proceedings before a magistrate against the plaintiff on a criminal charge upon which the plaintiff was bound over and subsequently indicted, it appear that the indictment has been withdrawn by a nolle prosequi on account of a formal defect therein, and that a second indictment has been returned upon the same evidence, for the same or a substantive part of the same charge, the original complaint and the proceedings thereon must be considered as the actual cause, of the second indictment.” The opinion of the court was rendered by 'Chief Justice Shaw. •
In Bacon v. Waters et al., 84 Mass. (2 Allen), 400, it was held that, “if one who is charged with larceny in a complaint before a magistrate, is held under recognizance to answer before the superior court, but not at the next, or any regular term thereof, and at the next term of that court is indicted by the grand jury, on the same evidence which was before the magistrate, for fraudulently receiving the stolen goods, and not for the larceny, and the indictment is placed on file and not pleaded to, the finding of the indictment is to be regarded as a continuance of the same prosecution, and placing it on file is not a termination thereof, so as to authorize the per *282 son indicted to maintain an action for malicious prosecution. ’ ’
The opinion of the court by Bigelow, C. J., furnishes cogent reasons for the foregoing proposition.
It is claimed by the defendant in error, that the indictment for assault with intent to rob was not instigated by G-aiser, because it was endorsed— “Indictment found on testimony sworn and sent to the grand jury at the request of the prosecuting attorney, ’ ’ and therefore such indictment was not a continuance of the prosecution instituted by Gaiser before the justice of the peace. But we think such is not the function or effect of the endorsement. Section 7207, Revised Statutes, provides: “No indictment for a misdemeanor shall be found a true bill by the grand jury unless the name of the prosecuting witness is endorsed thereon, unless such bill is found upon testimony sworn and sent before the grand jury at the request of the prosecuting attorney, or of the foreman of the grand jury, in which case, the fact that the bill was so found shall be endorsed on the bill; but it shall not apply,” etc., to indictments under certain sections of the statute.
Each of the indictments we are considering, charged a felony, and not a misdemeanor, and there was no requirement or authority for the endorsement upon the indictment. Not being authorized, it proves nothing upon the subject. Besides, we have found from the evidence introduced by the plaintiff and from the circumstances attending it, that both indictments were found upon the same evidence on the same day, and that they were a continuance of the prosecution which Gaiser instituted before the justice — all growing out of' the *283 single alleged criminal transaction on the second day of January, 1901.
We are of the opinion therefore, that the criminal prosecution was not ended prior to the commencing of the action under consideration, and that this appears without contradiction in the plaintiff’s evidence, upon which the court should have directed a verdict in favor of defendant.
The court of common pleas heard the entire case, hut there was nothing offered by the defense to show that the prosecution had ended. It was a part of the answer that the prosecution was not ended prior to the filing of the petition for malicious prosecution.
These views lead us to reverse the judgments of the circuit and common pleas courts,, and on the ground that it cléarly appears that the criminal prosecution was not ended when the action for damages was commenced, we render judgment for the plaintiff in error.

Judgment reversed.

Shauck, C. J., Summers, Davis and Spear, JJ., concur.